**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert R. ROMERO,
Defendant-Appellant.**

No. 80–1096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 1980.

Decided March 6, 1981.

Rehearing and Rehearing En Banc
Denied May 20, 1981.

Robert R. Romero, pro per.

Julia Barash, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee; William J. Landers, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before GIBSON, Senior Circuit Judge,* SKOPIL and POOLE, Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Robert Romero appeals his conviction, on five counts of willful failure to file income tax returns, alleging that he was denied a fair trial and that the United States failed to prove all the elements which were necessary to constitute the crime charged. We affirm Romero's conviction.

On October 23, 1979, a federal grand jury filed a seven-count indictment charging Romero, in Counts I through V, with knowingly and willfully failing to file income tax returns for the years 1973 through 1977 in violation of 26 U.S.C. § 7203 (1976) and, in Counts VI and VII, with willfully supplying false withholding certificates for the years 1976 and 1977, in violation of 26 U.S.C. § 7205 (1976). On January 10, 1980, the District Court dismissed the counts under 26 U.S.C. § 7205 upon the motion of the Government.

At trial, Romero stipulated to the amounts of wages he and his wife earned for each of the years in question.[1] It was also stipulated that appellant failed to file income tax returns for those years. Following a two-day trial, Romero was found guilty by a jury on all five counts under 26 U.S.C. § 7203.[2]

The District Court did not read Romero the indictment against him at the time of his arraignment. Rule 10 of the Federal Rules of Criminal Procedure requires that: "Arraignment shall be conducted in open court and shall consist of reading the indict-ment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto." According to Romero, when he was asked how he wished to plead, he responded that he did not understand the charges and could not answer. The District Court then entered, pursuant to Rule 11(a) of the Federal Rules of Criminal Procedure, a plea of not guilty. Rule 11(a) provides that "[i]f a defendant refuses to plead . . . the court shall enter a plea of not guilty." Romero argues that since the provisions of Rule 10 were not complied with, the District Court's exercise of Rule 11 was improper.

We find that Romero was not subject to any prejudice as a result of the failure of the District Court to follow Rule 10. Romero had received a copy of the indictment, and had apparently read it prior to being called upon to plead. "Vacating convictions for lack of formal arraignment proceedings is predicated on the existence of possible prejudice. *Garland v. Washington*, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914)." *United States v. Rogers*, 469 F.2d 1317, 1317–18 (5th Cir. 1972). What is necessary is that defendant know what he is accused of and be able adequately to defend himself. Romero was fully aware of the charges against him and had the assistance of appointed counsel at that time.

Romero next alleges that he was denied a fair trial based on an unknowing and unintelligent waiver of appointed counsel. At his initial appearance on November 13, 1979, Romero was advised of his right to be represented by counsel, and a public

---

* Honorable Floyd R. Gibson, United States Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The stipulation shows Romero receiving the following wages from various employers: 1973, $8,347; 1974, $9,434; 1975, $6,630; 1976, $14,-183; 1979, $10,320. In addition, his wife received comparable though somewhat lesser amounts for the years indicated.

2. Section 7203 provides:
   Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

defender was appointed to represent him. This representation continued until January 8, 1980, when Romero unequivocally stated he wished to represent himself; Romero elected to appear *pro se* in his own defense. We find that counsel for Romero did adequately represent him until the time of his discharge at the insistence of Romero. *See Cooper v. Fitzharris*, 586 F.2d 1325, 1330 (en banc) (9th Cir. 1978), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). Romero demanded that he be allowed to represent himself, despite being advised by the trial judge that self-representation would be extremely unwise. Romero " 'knowingly and intelligently' " waived the assistance of counsel. Furthermore, Romero has a constitutional right to represent himself, which the court must honor upon proper request. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *see United States v. Gillings*, 568 F.2d 1307, 1308–09 (9th Cir.), *cert. denied*, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978). It appears that Romero, by his own deliberate and intentional actions, seeks to insert built-in error in these proceedings, so as to postpone a final inquiry into his failure to comply with the tax laws of this country. Courts are established at public expense to try issues, not to play games. Romero was following the scenario used by other tax protestors in discharging appointed counsel and then contending unknowing waiver of counsel. *See United States v. Gillings, supra.*

■ Romero also alleges bias and error on the part of the trial judge based upon the judge's comments and instructions concerning the legal meaning of the terms "income" and "person" in 26 U.S.C. §§ 61 and 7203. We find this allegation to be frivolous. 26 U.S.C. § 61 provides in part: "(a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items[.]" In addition, the reference to the word "person" in section 7203 of title 26 is intended to encompass not only all individuals subject to income tax liabilities, but also legal entities liable for tax payments or required by law and regulations to make a tax return. The trial judge properly instructed the jury on the meaning of these terms. Romero's proclaimed belief that he was not a "person" and that the wages he earned as a carpenter were not "income" is fatuous as well as obviously incorrect. *See Lucas v. Earl*, 281 U.S. 111, 114–15, 50 S.Ct. 241, 74 L.Ed. 731 (1930); *Roberts v. Commissioner*, 176 F.2d 221, 225 (9th Cir. 1949); 26 U.S.C. § 61 (1976). The trial judge acted properly with respect to his comments and instructions regarding this matter of law. *See United States v. Miller*, 634 F.2d 1134 (8th Cir. 1980).

Romero received a fair trial. He based his defense on his proclaimed belief that the wages he earned were not taxable income and that he was not a person within the meaning of the income tax laws. At trial the judge properly instructed the jury on these matters of law. The jury's function is to determine matters of fact. Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable. We recognize that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal and of themselves.

■ Romero stipulated that he failed to file any income tax returns for the years in question. In this case, given Romero's stipulations, the only issue was whether Romero "willfully" failed to file these returns. A good-faith disagreement with the statutory provisions of the income tax laws does not

excuse Romero's failure to file the returns. *See United States v. Conforte*, 624 F.2d 869, 875 (9th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). In our system of government, one is free to speak out in open opposition to the provisions of the tax laws, but such opposition does not relieve a citizen of his obligation to pay taxes.

Subsequent to oral argument, Romero on January 19, 1981, filed a motion to strike the Government's brief. We deny the untimely motion on the ground that it is without merit.

AFFIRMED.