THOMAS M. DRAGOUN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dragoun v. Commissioner
Docket No. 24139-82.
United States Tax Court
T.C. Memo 1984-94; 1984 Tax Ct. Memo LEXIS 578; 47 T.C.M. (CCH) 1176; T.C.M. (RIA) 84094; February 28, 1984. Thomas M. Dragoun, pro se. Paul Weisman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code *579 [1] and Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion during the course of the trial to dismiss for failure properly to prosecute and for failure to adduce proof. Respondent's motion will be granted by an appropriate order. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1979
$3,845.16
$202.29
$192.26
$2.10
1980
5,905.59
1,476.39
295.28
377.95
The deficiency notice computation treated petitioner as a single person, with one personal exemption and no allowance for dependents or itemized exemptions and no credits. Petitioner timely filed a petition to this Court to redetermine the deficiencies. At the time of so filing he alleged he was a resident of Norco, California. In his petition, petitioner made *580 various allegations of an all too familiar tax-protestor nature. Thus, petitioner alleged that he was not required to file a return or pay a tax for 1979 and 1980 that he received nothing of known tangible value that qualified as income and that he did not volunteer to self-assess himself. The Court takes judicial notice of the fact that the petition herein is substantially identical in nature to several hundred others filed in this Court by a large group of persons in the southern California area. [2]
At the call of the calendar petitioner responded, first demanding his "First Amendment rights, freedom of speech and not to be interrupted;" he then demanded a jury trial, a demand which had previously been denied him and it was once again denied; he then alleged that the Special Trial Judge assigned to hear this case was not qualified to hear it because she was on the active membership rolls of the State Bar of California; that the Internal Revenue Code had not been enacted into *581 law by Congress; and that only Federal employees are liable for Federal income taxes. [3] Petitioner was advised that his various so-called constitutional and statutory contentions about the Internal Revenue Code were without merit. In response to repeated questioning by the Court, petitioner stated that he intended to introduce evidence about the amount of his income, deductions, exemptions and credits at a trial and accordingly the matter was set for a hearing. Despite his assurance to the contrary, when this matter came on for trial, petitioner did no more than to continue to press frivolous and meritless claims about the lack of constitutionality of the Internal Revenue Code of 1954 and its enforcement by the Commissioner of Internal Revenue. He reiterated his demand for a trial by jury, he moved for a default by the respondent on the theory that the latter was a corporation not eligible to practice in this Court. He continued to delay processes in this Court *582 by repeating contentions he had previously been informed were completely without merit. Petitioner did testify that he received as compensation the sum of $20,024 in 1979 and $25,881 in 1980. These amounts are the same as those shown on the statutory notice of deficiency. Petitioner's arguments that these amounts were paid by federal reserve notes, or that they represented barter and not income are completely devoid of merit. See our opinion, for instance, in Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983), as to these and other frivolous time-consuming arguments put forward by petitioner. Petitioner was advised time and again at the call of the calendar and at the trial that the Court would hear any information he wished to present about any additional deductions, exemptions or credits to which he might be entitled. He was also advised that the Commissioner's determination of a deficiency was presumed correct and that petitioner had the burden of proving that the determination was erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.Despite repeated *583 admonitions by the Court, he refused to present any information that would prove the deficiency notice erroneous and persisted in meritless frivolous arguments long rejected by this and other courts. He had failed completely to show any error in the Commissioner's determination of a deficiency. His petition will be dismissed for his failure properly to prosecute, Rule 123, Tax Court Rules of Practice and Procedure, and his failure to produce evidence, Rule 149(b), Tax Court Rules of Practice and Procedure.
The language employed by the Ninth Circuit in a criminal case, United States v. Romero,640 F.2d 1014, 1016 (1981), seems particularly appropriate here: Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable. We recognize that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow *584 workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal and of themselves. Petitioner filed a petition herein, which presented no justiciable issue of law or fact, he agreed that he had received compensation for his services, he did not report such compensation as income nor did he pay tax thereon, he refused to provide information about his exemptions, deductions or credits. It is apparent from the record that this petition was filed solely for purposes of delay and that petitioner continued in his pursuit of delay throughout the proceedings herein. We therefore award damages to the United States in the amount of $500 and take this opportunity to advise petitioner that for petitions filed in this Court after December 31, 1982, section 6673 permits this Court to impose damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in such proceedings is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, *585 Pub. L. 96-248, 96 Stat. 324, 574. To the extent that the time and energy of this Court is utilized in considering arguments of the nature presented by petitioner--wholly devoid of merit--there is a disruption in the process of serious litigation in this Court. Thus, all persons having matters before this Court are harmed by dilatory tactics such as those espoused by petitioner. See, e.g., McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). [4]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Urban v. Commissioner,T.C. Memo. 1984-85↩.
3. Many of the same allegations were made in Urban v. Commissioner,T.C. Memo. 1984-85↩, where they were rejected by this Court. Here too these arguments are held to be totally devoid of merit.
4. We note that the Ninth Circuit in McCoy↩ awarded double costs to the Commissioner due to the frivolous nature of the appeal.