ANNA M. PROVENZA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Provenza v. Commissioner
Docket No. 19990-83.
United States Tax Court
T.C. Memo 1984-663; 1984 Tax Ct. Memo LEXIS 8; 49 T.C.M. (CCH) 360; T.C.M. (RIA) 84663; December 26, 1984. Anna M. Provenza, pro se. Clare J. Brooks, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: *9 Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1977
$1,326.00
$331.50
$66.30
$47.18
1978
1,482.00
370.50
74.10
31.97
1979
1,693.00
423.25
84.65
70.52
1980
1,753.00
438.25
87.65
111.70
The matters in dispute are whether petitioner's pension income is taxable, whether interest earned on certain bank accounts is taxable to petitioner, and whether the additions to tax should be sustained. FINDINGS OF FACT Petitioner is a retired school teacher who resided in Baltimore, Maryland, at the time she filed her petition herein. On or about February 18, 1977, she filed an individual income tax return for 1976, reporting on Schedule E thereof an amount received from the Maryland State Retirement System after exclusion of a portion attributable to her contribution into that system. On or about April 13, 1978, petitioner tendered to respondent a Form 1040 for the year 1977. Printed in the margins of that form were various references to petitioner's *10 constitutional rights and other tax protest arguments.Asterisks referring to objections taken on the grounds of the Fourth and Fifth Amendments to the Constitution were inserted in those spaces on the form calling for information concerning petitioner's income and deductions. On or about June 26, 1978, petitioner was advised by the Internal Revenue Service that the form tendered by her for 1977 was not acceptable as an income tax return. She did not file any proper Federal income tax returns for the years in issue. Petitioner received an annuity from the Maryland State Retirement System during those years as follows: Year
Amount
1977
$9,230.28
1978
9,793.56
1979
10,490.16
1980
11,490.60
During the years in issue, petitioner received interest income from the Savings Bank of Baltimore as follows: Year
Amount
1977
$654.63
1978
661.09
1979
795.94
1980
300.00
During the years in issue, petitioner maintained two bank accounts at Loyola Federal Savings and Loan in the name of herself and her brother, Stephen P. Provenza. Petitioner, however, was the sole signatory on those accounts and she deposited checks payable *11 to her into them. She received interest from them as follows: Year
Amount
1977
$197.74
1978
401.30
1979
351.95
1980
52.35
During the years in issue, petitioner held 13 bank accounts at Loyola Federal Savings and Loan jointly with her brother and with their mother, Margaret Provenza. Sixty-five quarterly interest checks from Loyola Federal Savings and Loan on those accounts were cashed by Margaret Provenza during the years in issue. Such checks were sometimes payable to "Margaret Provenza or Anna M. Provenza or Stephen P. Provenza." Sometimes, however, such checks were payable only to Margaret Provenza. Margaret Provenza died in 1982. [2] The total amount of interest earned on the joint accounts during the years in issue was as follows: Year
Amount
1977
$669.56
1978
837.23
1979
1,375.45
1980
[3] 757.30
*12 Respondent's notice of deficiency determined that petitioner had interest income from the above accounts and from five other bank accounts in the name of Anna Megna Provenza at Loyola Federal Savings and Loan. Respondent has now conceded that those five accounts did not belong to petitioner and that the interest on those accounts is not taxable to petitioner. OPINION Gross income for income tax purposes includes all income from whatever source derived, including interest and pensions. Section 61(4) and (11). Petitioner asserts that the Sixteenth Amendment, adopted in 1913, was not intended to apply to persons in her position and that the Internal Revenue Code, therefore, does not apply to her. That argument and related arguments, to the extent that we can decipher them, are based on a misunderstanding of Supreme Court cases and are totally without merit.The Sixteenth Amendment was adopted "for the purpose of doing away for the future" with objections to the income tax based upon the constitutional requirement of apportionment of direct taxes among the states; thus disputes over whether the income tax was direct or indirect are moot. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1, 18 (1916). *13 Petitioner asks the Court to reconsider our opinion in Rowlee v. Commissioner,80 T.C. 1111 (1983), and to hold that the Supreme Court's opinion in Eisner v. Macomber,252 U.S. 189 (1920), has defined income in such a way as to exclude retirement benefits. That argument is often referred to in our cases as the "equal exchange" theory, i.e., that payments received for labor are not taxable because the labor had a value equal to the money received for it, and no profit on the transaction was realized. In support of her position, petitioner attempts to incorporate a tax protest prochure [4] that merely makes those same arguments repeatedly rejected in Rowlee v. Commissioner,80 T.C. at 1119-1122, and in the numerous cases cited therein. We decline to waste any further judicial time on these spurious contentions. *14 Petitioner also contends that taxation of her state pension is "invidious discrimination," violates the equal protection clause of the Fifth Amendment of the Constitution, and violates the Tenth Amendment of the Constitution. She argues that discrimination results from the taxation of her state pension and failure to tax Federal social security benefits during the years in issue and that taxation of her pension thus violates the sovereignty of the State of Maryland. These arguments, however, are fallacious. Social security benefits are treated the same for tax purposes as to every beneficiary, including petitioner.Pensions and retirement allowances are taxed to an equal extent, whether paid by the Federal Government, the state government, or a private person. Section 1.61-11, Income Tax Regs. Thus there is no unlawful discrimination. Petitioner also disputes respondent's determination that she had unreported interest income from the various bank accounts in her name. First, with respect to the interest received from the Savings Bank of Baltimore, she presented savings passbooks at trial and asserted that the amounts of interest shown in the passbooks are not the *15 same as the amounts determined by respondent. The amounts determined by respondent were the subject of a request for admissions served on petitioner by respondent and are deemed admitted because petitioner did not duly respond to that request. See Rule 90(c) and (e), Tax Court Rules of Practice and Procedure. Petitioner did not seek to withdraw the admissions, and permitting her now to contradict them would prejudice respondent because respondent, apparently relying on those admissions, did not have present at trial a witness from the Bank of Baltimore who could explain any discrepancy. In any event, the passbooks introduced in evidence by petitioner confirm respondent's determination with a minor discrepancy of $27.50 in the amount determined for 1980, and petitioner has not pursued this item in her briefs. Second, with respect to the joint accounts with her brother maintained by petitioner at Loyola Federal Savings and Loan, petitioner has admitted that one of the accounts was hers and has presented no evidence that the interest earned on those accounts did not belong to her. She has thus failed to meet her burden of proof. Welch v. Helvering,290 U.S. 111 (1933); *16 Rule 142(a), Tax Court Rules of Practice and Procedure.
Third, with respect to the joint accounts maintained by petitioner, her brother, and their mother at Loyola Federal Savings and Loan, petitioner claims that the quarterly interest checks endorsed by her mother during the years in issue show that the income from those accounts belonged to her mother. Petitioner has not explained, however, the source of funds deposited into those accounts. She initially refused even to identify the joint holders of those accounts and did so only after the Court indicated that she had the burden of proof and was not satisfying it by her bald assertion that the income was not hers. [5] Her lack of candor reflects adversely on her credibility. In any event, the fact that one of the joint holders of an account endorsed the interest checks on that account does not prove that the income did not belong to another joint holder where there is no evidence as to the ownership of the funds on which the income is earned. Moreover, the records of Loyola Federal Savings and Loan show that petitioner was the sole signatory on one of the joint accounts; that petitioner's address was used as the address *17 of the account holders; and that petitioner personally signed for withdrawals and transfers from some of those accounts. We, therefore, are not persuaded that the funds in the joint accounts did not belong to petitioner or that the interest earned on those accounts was not petitioner's income. The lack of merit to petitioner's arguments that she did not have taxable income, combined with the tax protest nature of the Form 1040 tendered by her for 1977, [6] compels the conclusion that her failure to file tax returns was not due to reasonable cause and that the underpayment of her taxes for the years in issue was due to negligence or intentional disregard of rules and regulations. Although she claims that she believed in good faith that her arguments had merit, she has not shown that she sought the advice of competent professionals, and she has conceded that her positions are contrary to the decisions of this Court and the advice given to her by *18 respondent. The additions to tax under sections 6651(a) and 6653(a) must therefore be sustained. The additions to tax under section 6654 are mandatory absent exceptions not here shown to exist. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Because of respondent's concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. A death certificate of Margaret Provenza received in evidence lists Anna Provenza as the informant at the time of death and shows "NONE" in the space provided for the decedent's social security number. There is no evidentiary support for a claim, made by petitioner in her brief, that the social security number shown on the joint accounts belonged to the decedent. Even if that claim were proven, however, the result in this case would not be changed. ↩
3. The numbers set forth in respondent's brief could not be verified from the exhibits, which show the above amounts.↩
4. Listed among the contributors to the brochure is Irwin A. Schiff, who was convicted of willful failure to file income tax returns and against whom additions to tax for fraud have been upheld in relation to his failure to file returns on the basis of the same arguments. See also United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981), affg. a similar criminal conviction, and Abrams v. Commissioner,82 T.C. 403↩ (1984), awarding damages under sec. 6673 in such circumstances.
5. Petitioner had vigorously resisted respondent's efforts to secure records from Loyola Federal Savings and Loan. See Provenza v. Rinaudo, an unreported case ( D. Md. 1984, 84-2 USTC par. 9582, 53 AFTR2d 84↩-1453).
6. That form did not constitute an income tax return because it did not contain any information from which her tax liability could be determined. Reiff v. Commissioner,77 T.C. 1169, 1176-1179↩ (1981).