HARVEY E. SHAFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shafer v. Commissioner
Docket No. 29592-83.
United States Tax Court
T.C. Memo 1985-575; 1985 Tax Ct. Memo LEXIS 53; 50 T.C.M. (CCH) 1477; T.C.M. (RIA) 85575; November 26, 1985. Harvey E. Shafer, pro se. Steven M. Roth, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in petitioner's *54 Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651 [1]
Sec. 6653
Sec. 6654
1979
$13,656.00
$3,414.00
$682.80
$572.45
1980
4,024.00
1,006.00
201.20
256.38
1981
2,957.00
739.25
147.85
226.21
The deficiencies resulted from petitioner's failure to file income tax returns reporting wages and self-employment income. Respondent also seeks damages under section 6673. FINDINGS OF FACT Petitioner was a resident of California at the time he filed his petition herein. During 1979, 1980, and 1981, petitioner received income from employment, including wages received from Bell Helicopter International, Inc. (Bell Helicopter), Textron, Inc., and Fairchild Industries, Inc., and income from sale of eggs to Longway Farm, Inc. He did not, however, file income tax returns reporting any of that income. He submitted to the Internal Revenue Service Forms 1040 on which he objected to supplying information concerning his income or deductions, cited various provisions *55 of the Constitution and attached common tax protest material. From records of his employers and from Longway Farms, Inc., respondent determined that petitioner had unreported income of $41,068 in 1979, $20,797 in 1980, and $14,191 in 1981. On January 23, 1984, petitioner filed a Reply to the Answer herein. In that Reply, he admitted that a copy of a Form 1040 attached to the Answer was the Form 1040 submitted by him for the taxable year 1979. On April 2, 1985, the Court filed its opinion in Shafer v. Commissioner,T.C. Memo. 1985-161, on appeal (9th Cir., July 15, 1985), dealing with petitioner's income tax liability for the years 1975 through 1978. By that opinion, petitioner was advised that income received by him from Bell Helicopter during those years was taxable; that he could not be allowed deductions when he submitted no evidence concerning the nature or amount of them; and that Forms 1040 filed by him containing no information about his income or deductions were not adequate returns for purposes of avoiding the additions to tax under section 6651(a)(1) or for commencing the period of limitations on assessment. All of respondent's determinations were *56 sustained. OPINION At the time of trial of this case, respondent presented witnesses who had traveled from Knoxville, Tennessee, and Dallas, Texas, with records showing petitioner's earnings during the years in issue from Longway Farms, Inc. and Bell Helicopter. Respondent also presented other records showing the earnings of petitioner from Textron, Inc. and Fairchild Industries, Inc. during the years in issue. Petitioner objected to this evidence primarily on the ground that the wages and other earnings that he received were not income. This objection repeated the theme of the trial memorandum filed by him at the commencement of trial, and is so frivolous as to require no further discussion. See, e.g., United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Petitioner also raised various evidentiary objections that were not frivolous on their face but were not well taken in the circumstances. He attempted to cross-examine respondent's witnesses by reading to them section 61 of the Internal Revenue Code *57 . He refused to testify on his own behalf, citing the Fifth Amendment to the Constitution but declining to provide any facts from which it could be determined that there was a reasonable relationship between the information he was called upon to give and a risk of prosecution. He was advised by the Court that his claim of privilege was not meritorious under the circumstances. See McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); United States v. Carlson,617 F.2d 518 (9th Cir. 1980); United States v. Neff,615 F.2d 1235 (9th Cir. 1980).When asked to acknowledge his signature on Forms 1040 submitted by him for the years in issue, he refused to do so even though he had previously admitted the authenticity of one of them. It was, of course, up to petitioner to prove that he had filed income tax returns for the years in issue and that respondent's determination was otherwise incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [2] That burden also extends to respondent's determinations of additions to tax under sections 6651(a), 6653(a), and 6654(a). Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980); *58 Bixby v. Commissioner,58 T.C. 757, 791 (1972). The Forms 1040 produced by respondent were not returns for any purpose, including commencement of the period of limitations on assessment. Edwards v. Commissioner,680 F.2d 1268, 1269-1270 (9th Cir. 1982), affg. an order of this Court. So long as petitioner persisted in frivolous arguments and presented no evidence that the income determined by respondent was incorrect or that he had deductions not allowed by respondent, petitioner's case was subject to dismissal under Rules 123 and 149(b). Respondent might have secured evidence by the use of requests for admissions under Rule 90 or a motion to compel stipulation under Rule 91(f), thus avoiding the necessity of bringing witnesses to Los Angeles from Tennessee and Texas. If petitioner had changed his tactics and raised a genuine dispute as to the amount of his taxable income, thereby surprising respondent, a continuance on motion of respondent would have been appropriate. We urge prudent use of these means of avoiding *59 unnecessary expenditures of time and money. Nonetheless, as a result of petitioner's conduct, including his refusal to stipulate prior to trial, 3-1/2 hours of trial time were consumed. Petitioner was warned by the opinion in his earlier case, by respondent prior to trial, and by the Court at the calendar call and during trial, that damages under section 6673 might be imposed. He willfully and defiantly persisted in his frivolous and groundless claims, and we conclude that he did so primarily for delay. Damages in amount of $5,000 shall be awarded to the United States. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procure.↩