FREDERICK M. AND MICHELLE B. FOX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; FREDERICK M. FOX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fox v. Commissioner
Docket Nos. 19361-89, 16560-90
United States Tax Court
T.C. Memo 1993-37; 1993 Tax Ct. Memo LEXIS 44; 65 T.C.M. (CCH) 1831; February 1, 1993, Filed *44 Frederick M. Fox, pro se. For Respondent: Karen Nicholson Sommers. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: These cases were heard pursuant to the provisions of section 7443A(b)(4) and Rules 180 and 181. All section references are to the Internal Revenue Code in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. These cases are before the Court on respondent's motions for partial summary judgment filed on January 7, 1992, in docket No. 19361-89 and on February 25, 1992, in docket No. 16560-90. In a notice of deficiency dated May 12, 1989, addressed to Frederick M. Fox and Michele B. Fox, a.k.a. Michelle B. Fox, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes for the taxable years 1982, 1983, 1984, and 1985: Taxable Year
1982
Deficiency
$    775
Additions to Tax:
Section 6653(a)(1)
39
Section 6653(a)(2)
50 percent of the
interest due on the
underpayment of $ 775
1983
Deficiency
$ 10,864
Additions to Tax:
Section 6653(b)(1)
5,432
Section 6653(b)(2)
50 percent of the
interest due on the
underpayment of $ 10,864
Section 6661(a)
2,716
1984
Deficiency
$ 19,376
Additions to Tax:
Section 6653(b)(1)
9,688
Section 6653(b)(2)
50 percent of the
interest due on the
underpayment of $ 19,376
Section 6661(a)
4,844
1985
Deficiency
$ 25,784
Additions to Tax:
Section 6653(b)(1)
12,892
Section 6653(b)(2)
50 percent of the
interest due on the
underpayment of $ 25,784
Section 6659(a)
808
Section 6661(a)
5,773
*45 One of respondent's determinations was that petitioners, for the taxable years listed below, failed to report the wage income received from the following employers on their joint Federal income tax returns: Taxable Years
Taxpayer-Employer
1983
1984
1985
Frederick M. Fox--
American Airlines
$ 105,130
$ 111,519
$ 118,443
Michelle B. Fox--
Medical Associates
Medical Group
10,338
11,157
11,778
Total Unreported
Wage Income
$ 115,468
$ 122,676
$ 130,221
In a second notice of deficiency dated May 12, 1989, addressed solely to petitioner Frederick M. Fox (hereinafter referred to as petitioner), respondent determined a deficiency in and additions to petitioner's Federal income tax for the taxable year 1986 as follows: Deficiency
$ 28,196
Additions to Tax:
Section 6653(b)(1)(A)
21,147
Section 6653(b)(1)(B)
50 percent of the
interest due on the
underpayment of $ 28,196
Section 6659(a)
1,626
Section 6661(a)
5,694
With respect to the notice of deficiency for the taxable year 1986, one of respondent's determinations was that petitioner failed to report wage income he received from American Airlines in the amount of $ 122,399. Frederick *46 M. Fox and Michelle B. Fox filed a petition with this Court on August 7, 1989, at docket No. 19361-89, seeking a redetermination of the deficiencies in and additions to tax for the taxable years 1982, 1983, 1984, 1985, and 1986, as set forth in the two notices of deficiency dated May 12, 1989. In their Petition, par. 4.2, filed by counsel, petitioners alleged error with regard to respondent's determinations of unreported wage income for 1983, 1984, 1985, and 1986. In the Answer, respondent denied the allegations contained in paragraph 4.2 of the Petition, and in paragraph 7 of the Answer further alleged facts upon which respondent relies to support the determinations of unreported income and fraud. In the Reply to respondent's Answer filed solely by petitioner on December 8, 1989, he contended that: (1) He is not a "taxpayer" as defined in the Internal Revenue Code; (2) he has "rescinded" his Social Security number; (3) the signatures on the notices of deficiency are "legally invalid", since they are without a "genuine signature"; (4) Form 1040 does not apply to him because he is "a sovereign citizen and a resident of the Republic of the State of California, USA"; and (5) he "rescinds *47 and revokes his signature on each and every Form 1040 that he unknowingly signed, therein committing an act of perjury by attesting to a status he was not legally qualified to hold and a jurisdiction to which he does not otherwise belong." Specifically, in his Reply petitioner admitted that: (1) During the taxable years 1983, 1984, 1985, and 1986, he was employed by American Airlines, par. 7.a; (2) he received the income determined by respondent but the amounts did not constitute "taxable income" because petitioner was not a "taxpayer" as defined in the Internal Revenue Code and, furthermore, the amounts determined to be income were "merely compensation for labor under a private contract with American Airlines", par. 7.b; (3) he did not include any of the income from American Airlines on his income tax returns because he was not required to do so, par. 7.c; and (4) he filed Forms W-4, Employee's Withholding Allowance Certificate, with his employer claiming he was exempt from income tax withholding. In a Reply filed on January 25, 1990, by counsel for petitioner Michelle B. Fox (Ms. Fox), in response to matters raised by respondent's affirmative allegations contained in the Answer, *48 Ms. Fox admitted that: (1) During the taxable years 1983 1984, and 1985, she was employed by Medical Associates Medical Group, par. 7(e); (2) while employed by Medical Associates Medical Group, she earned $ 10,338, $ 11,157, and $ 11,778 for the taxable years 1983, 1984, and 1985, respectively, par. 7(f); and (3) she claimed that she was exempt from income tax withholding on her Form W-4, Employee's Withholding Allowance Certificate, filed with her employer, par. 7(i). In a notice of deficiency dated April 26, 1990, addressed solely to Frederick M. Fox, respondent determined the following deficiency and additions to tax for the taxable year 1987 as follows: Deficiency
$ 32,226
Additions to Tax
Section 6653(a)
1,611
Section 6653(b)
24,170
Section 6654(a)
1,741
Section 6659
1,133
In the notice of deficiency, one of respondent's determinations was that Frederick M. Fox failed to report $ 135,618 of wages received from American Airlines on his Federal income tax return for 1987. Thereafter, on July 23, 1990, counsel for petitioner filed a Petition with this Court at docket No. 16560-90 seeking a redetermination of the deficiency in and additions to tax for 1987. *49 In his Petition, par. 4.2, petitioner alleged error with regard to respondent's determination of unreported wage income from American Airlines in 1987. In the Answer, respondent denied the allegations contained in paragraph 4.2 of the Petition, and in paragraph 7 of the Answer further alleged the facts which respondent relies on to support the determination of unreported income and fraud. In the Reply filed by petitioner on November 7, 1990, he again repeated his contentions contained in the Reply filed on December 8, 1989, in docket No. 19361-89 and also added that under the Paperwork Reduction Act of 1980, 44 U.S.C. secs. 3501-3520 (1988), the Form 1040 income tax return is "bootleg" and may be disregarded by the public. Specifically, in his Reply petitioner admits that: (1) During the taxable year 1987 he was employed by American Airlines, par. 7(a); (2) in 1987 he received $ 135,618 from American Airlines, except that this amount was for labor rendered under a valid private contract, par. 7(b); (3) he received a Form W-2 from American Airlines which reflected amounts received from his employer in 1987, except that it was not "'money' in *50 the way of payment received" or taxable earnings, par. 7(c); (4) he was not required to report "his earnings or compensation for labor as 'taxable' income, inasmuch as it was not earned abroad or in any federal territory or possession", par. 7(e); and (5) he filed a Form W-4, Employee's Withholding Allowance Certificate, with his employer claiming he was exempt from income withholding, par. 7(f). Respondent filed the subject motions for partial summary judgment pursuant to Rule 121 based on the premise that there are no genuine issues of material fact disputed and that respondent is entitled to an adjudication in his favor as a matter of law on the issue of whether petitioners Frederick M. Fox and Michelle B. Fox in docket No. 19361-89 are taxable on their wages received in 1983, 1984, 1985, and 1986, and whether petitioner Frederick M. Fox in docket No. 16560-90 is taxable on his wages received in 1987. Rule 121 provides that either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy. Once the motion is filed and served, an opposing written response, with or without *51 supporting affidavits, shall be filed. A decision shall thereafter be rendered if the pleadings and any other acceptable material, together with the affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case. When a motion is made, an adverse party may not rest upon the mere allegations or denials of such party's pleadings, but the response must set forth specific facts showing that there is a genuine issue for trial. See Rule 121(a), (b), (d). The gist of petitioner Frederick M. Fox's claims is that he [1] is not a taxpayer. These contentions are wholly without merit. As explained in United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981): Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable. We recognize that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his *52 taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal and of themselves. The foregoing language in Romero is equally applicable here. See also Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225. Section 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax." Section 61(a) defines gross income as "all income from whatever *53 source derived," including, but not limited to, "Compensation for services, including fees, commissions, fringe benefits, and similar items." Sec. 61(a)(1). Section 63 defines and explains how to compute "taxable income". Section 1 then imposes a tax based upon taxable income. An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioners' gross income in each year exceeds the minimum amount. In short, petitioners Frederick M. Fox and Michelle B. Fox are taxpayers subject to the income tax laws. Petitioner in his opposition to respondent's motion for partial summary judgment in each case states: Since I was born politically free (that is a direct, immediate and equal holder of the sovereignty of New York State and, derivative and mediate of that citizenship, an equal holder of the sovereignty of the United States (3)) I am a nonresident alien individual with respect to the citizenship and residency of the United States (2) direct and immediate from the 14th Amendment. Elk v. Wilkins, 112 U.S. 94, 109 (1884). Petitioner argues *54 that because he is not a citizen within the meaning of the 14th Amendment, he is not subject to tax under section 1. Petitioner's 14th Amendment argument is frivolous and has been rejected in other similar tax protester cases. The United States Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, has rejected the argument that an individual was "an absolute, freeborn and natural individual" and therefore not a "taxpayer". United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). In the Studley case, the Ninth Circuit stated that "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." Id. at 937 n.3. This Court also rejects petitioner's 14th Amendment argument as frivolous. Petitioner's arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions. Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. During the years at issue, petitioner Frederick M. *55 Fox resided in California and therefore was a resident of the United States and subject to tax under section 1. Furthermore, because he was born in New York State, he is a citizen by birth. Based on the record, we find that in these cases there is no genuine issue as to any material fact relating to the issue of whether petitioners' wages are taxable income in the years in question. Therefore, respondent's motions for partial summary judgment will be granted. To reflect the foregoing, Appropriate orders will be issued. Footnotes
1. Petitioner Michelle B. Fox did not appear at the hearing held in San Diego, California, on June 15, 1992, so we will not speculate as to the nature of any argument she may wish to advance. We assume that she has abandoned this case.↩