RANDALL H. BORDERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borders v. Commissioner
Docket No. 18389-93
United States Tax Court
T.C. Memo 1994-626; 1994 Tax Ct. Memo LEXIS 631; 68 T.C.M. (CCH) 1484; December 20, 1994, Filed *631 Decision will be entered for respondent. Randall H. Borders, pro se. For respondent: Steven L. Walker. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the years and in the amounts as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$ 6,635
$ 1,658.75
$ 331.75
n1
1986
2,525
631.25
--  --
1987
7,378
1,844.50
--  --
1988
4,547
1,136.75
277.35
--
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1985
--  --
$ 378.84
1986
$ 126.25
[1]
122.05
1987
368.90
[1]
398.48
1988
--  --
290.17
*632 The issues for decision are: (1) Whether petitioner failed to report income, principally wages and unemployment compensation, for each of the taxable years in issue; (2) whether petitioner is liable for an addition to tax for failure to file an income tax return under section 6651(a)(1) for each of the taxable years in issue; (3) whether petitioner is liable for an addition to tax for negligence under section 6653(a) for each of the taxable years in issue; and (4) whether petitioner is liable for an addition to tax for failure to pay estimated income tax under section 6654(a) for each of the taxable years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. Petitioner resided in Modesto, California, at the time his petition was filed with the Court. Petitioner did not file a Federal income tax return for the taxable years 1985, 1986, 1987, or 1988. By four separate statutory notices each dated May 21, 1993, respondent determined the deficiencies in income tax and the additions to tax at issue herein. The deficiency for each year was based on unreported income, principally unemployment compensation and wages, as follows: Unemployment
Year
[1] Compensation Wages
1985
$ 1,162   $ 31,881
1986
4,001.50
14,857
1987
1,609   38,994
1988
3,154   [2] 26,311
*633 Respondent based her determination of unreported wages on the following information provided by third-party payors: Year
Third-party Payor
W-2 wages 1985
Babcock & Wilcox Const. Co. $  2,196
NPS Energy Services, Inc.
9,717
Homer J. Olsen, Inc.
19,531
Lding, Inc.
437
31,881
1986
Mingus Constructors, Inc.
8,543
NPSES DCI
6,314
14,857
1987
Lilja Industrial Const.
4,315
Schneider Inc.
5,185
Applied Process Cooling Corp.
4,053
Kiewit Industrial Co.
6,449
Sahargun Plumbing
616
NPSES DCI
17,033
George F. Schuler, Inc.
1,343
[1] 38,994
1988
Mingus Pension Trust
[2] 468
Kiewit Industrial Co.
4,878
First Nat'l Piping Inc.
6,361
Ward-Schmid Co., Inc.
7,121
Valley Mechanical, Inc.
2,637
Thomas Holmquist
4,846
[3] 26,311
Petitioner *634 filed a timely petition with the Court on August 23, 1993. See sec. 7502. OPINION As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deficiencies in Income Tax
Petitioner essentially contends that he is not liable for the deficiencies in income tax determined by respondent for three reasons. As will become apparent, each of these reasons incorporates various tax protester arguments, all of which are specious. We will therefore address each one only briefly. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."), affg. per curiam an unreported Order of this Court. First, petitioner contends that the Court does not have either subject matter jurisdiction or personal jurisdiction over him, and that respondent acted outside the scope of her authority in *635 determining deficiencies in income tax against him. Petitioner's contention, however, ignores sections 6212(a) and 6213(a). Section 6212(a) authorizes the Commissioner to send a notice of deficiency to a taxpayer if the Commissioner determines that there is a deficiency in the taxpayer's income tax. See section 7701(a)(11)(B), (12)(A). In the present case, there is no dispute that respondent sent notices of deficiency to petitioner determining deficiencies in petitioner's income taxes for the years in issue. Section 6213(a) authorizes this Court to redetermine deficiencies in income tax if a timely petition is filed by a taxpayer in respect of a notice of deficiency sent to the taxpayer by the Commissioner. In the present case, petitioner himself invoked the Court's jurisdiction by filing a timely petition. Second, petitioner contends that the statutes upon which respondent relies are without any force or effect because they have not been implemented by the Code of Federal Regulations. Suffice it to say that in our system of Government, legislation is the province of the Congress. It is action by the Congress that gives statutes their force and effect. U.S. Const. art. I, *636 secs. 1, 8. Third, petitioner contends that he received no wages during the taxable years in issue because: The definition of wages, according to the Internal Revenue Code is money paid to a federal employee by the federal government. It's a privileged situation, and I was not involved in any privileged situation, and I did not receive any money from the federal government as -- in the terms of wages during those years.
Petitioner's contention is spurious. Sec. 61(a). The Court of Appeals for the Ninth Circuit has observed that "Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). Recently this Court has remarked that "The most fundamental principle of the tax code is found in section 61(a), which provides that gross income means all income from whatever source derived, including compensation for services." Burnett v. Commissioner, T.C. Memo. 1994-475. (Emphasis added.) Because all of petitioner's *637 contentions lack merit, we sustain respondent's determination. Additions to Tax Under Section 6651(a)(1)
In the case of a failure to file an income tax return within the time prescribed by law, section 6651(a)(1) imposes an addition to tax in the amount of 5 percent of the tax required to be shown on the return for each month (or part thereof) during which such failure continues, but not to exceed 25 percent in the aggregate. See sec. 301.6651-1(a)(1), Proced. & Admin. Regs. The taxpayer is not liable for the addition to tax if the failure to file is due to reasonable cause and not due to willful neglect. The taxpayer bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner stipulated that he did not file an income tax return for any of the years in issue. At trial petitioner did not address the issue of reasonable cause and therefore failed to carry his burden of proof. In any event, the record suggests that petitioner willfully neglected to file returns for the years in issue. We therefore sustain respondent's determination. Additions to Tax Under Section 6653(a)
For 1985, sections *638 6653(a)(1) and 6653(a)(2) impose additions to tax for negligence or disregard of rules or regulations. Under section 6653(a)(1), the addition to tax is equal to 5 percent of the underpayment; under section 6653(a)(2), the addition to tax is equal to 50 percent of the interest on that part of the underpayment which is attributable to negligence or disregard of rules or regulations. For 1986 and 1987, sections 6653(a)(1)(A) and 6653(a)(1)(B) impose additions to tax for negligence or disregard of rules or regulations. Under section 6653(a)(1)(A), the addition to tax is equal to 5 percent of the underpayment; under section 6653(a)(1)(B), the addition to tax is equal to 50 percent of the interest on that part of the underpayment which is attributable to negligence or disregard of rules or regulations. For 1988, section 6653(a)(1) imposes an addition to tax for negligence or disregard of rules or regulations. The addition to tax is equal to 5 percent of the underpayment. Section 6653(a)(3) defines the term "negligence" to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. This section also defines the term "disregard" to include *639 any careless, reckless, or intentional disregard. See Neely v. Commissioner, 85 T.C. 934, 947 (1985) (for purposes of section 6653(a), "negligence" is the lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances). Petitioner bears the burden of proof as to the additions to tax for negligence or disregard of rules or regulations. Rule 142(a); Neely v. Commissioner, supra; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). At trial petitioner did not address the issue of negligence or disregard of rules or regulations and therefore failed to carry his burden of proof. We note that the failure to file an income tax return can constitute negligence, see Emmons v. Commissioner, 92 T.C. 342 (1989), affd. on other grounds 898 F.2d 50 (5th Cir. 1990), and that petitioner failed to file an income tax return for any of the taxable years in issue. We therefore sustain respondent's determination. Additions to Tax Under Section 6654(a)
Section 6654(a) imposes an addition *640 to tax for failure to pay estimated income tax. This addition to tax is mandatory unless the taxpayer proves that he or she is entitled to a statutory exception. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner failed to suggest, much less prove, the applicability of any such exception. We therefore sustain respondent's determination. Penalty Under Section 6673(a)(1)
Section 6673(a)(1) authorizes the Tax Court to impose a penalty on a taxpayer in an amount up to $ 25,000 whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. As the Court of Appeals for the Seventh Circuit has remarked: A petition to the Tax Court * * * is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. * * * The inquiry is objective. If a person should have known that his position is groundless, a court may and should impose sanctions.
*641 Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see Hansen v. Commissioner, 820 F.2d 1464, 1470 n.3 (9th Cir. 1987). In the present case, respondent did not request that the Court impose a penalty under section 6673(a)(1) against petitioner, and the Court has decided not to impose a penalty sua sponte. However, petitioner should be advised that the Court may not be so lenient in the future if he persists in conduct that implicates section 6673(a)(1). Conclusion
To give effect to our disposition of the disputed issues, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50% of the interest due on the portion of the deficiency attributable to negligence.↩
1. The amounts set forth in this column were also stipulated by the parties, except for the amount for the taxable year 1986. For that year, the parties stipulated that petitioner received unemployment compensation in the amount of $ 5,146. Respondent has not sought an increased deficiency for 1986. See sec. 6214(a).↩
2. This amount includes $ 468 reported by a pension trust on a Form 1099-R as a taxable distribution from a retirement plan. See infra note 5.↩
1. This total does not include amounts reported by third-party payors as having been paid to petitioner's former spouse, Gloria D. Roberts.↩
2. This amount represents a taxable distribution from a retirement plan reported by a pension trust on a Form 1099-R.↩
3. This total does not include amounts reported by third-party payors as having been paid to petitioner's former spouse, Gloria D. Roberts.↩