**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-7

UNITED STATES TAX COURT

ELMO HOLLIE THIBODEAUX, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26124-11S.                    Filed February 6, 2013.

Elmo Hollie Thibodeaux, Jr., pro se.

Sandy Hwang, for respondent.

SUMMARY OPINION

KERRIGAN, Judge:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed. The

decision to be entered is not reviewable by any other court, and this opinion shall

not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a Federal income tax deficiency of $2,284 for 2009. The issue for our consideration is whether petitioner received gross income of $30,017 for tax year 2009.

Background

Some of the facts have been stipulated and are incorporated in our findings. Petitioner resided in California at the time of the petition.

In 2009 petitioner worked for Conti Electric, Inc., and Shimmick Obayashi Joint Venture and received $19,889 and $10,128, respectively, for a total of $30,017. Respondent received Forms W-2, Wage and Tax Statement, from Conti Electric, Inc., and Shimmick Obayashi Joint Venture showing $30,017 of wages paid to petitioner.

Petitioner filed timely Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for the 2009 tax year. His return showed no income and no income tax withheld. Petitioner submitted a second Form 1040EZ to the Appeals Office, but the Internal Revenue Service did not process it. On his second Form 1040EZ petitioner showed no income but claimed a refund of $2,296 for income tax withheld.

On April 1, 2011, petitioner signed a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement, or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. This form shows that Conti Electric, Inc., and Shimmick Obayashi Joint Venture withheld Social Security and Medicare taxes totaling $2,296. Petitioner never paid income tax on his wages for 2009. On August 15, 2011, respondent sent petitioner a statutory notice of deficiency for petitioner's 2009 tax year.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner does not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift. In addition, petitioner admitted to receiving the wages in dispute.

Section 61 provides "gross income means all income from whatever source derived". Section 61(a)(1) includes as income "compensation for services,

including fees, commissions, fringe benefits, and similar items". The Supreme Court has held consistently that "gross income" was meant to bear "'the full measure of the taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). The liability for the payment of the income tax is on the individual earning the income. Lucas v. Earl, 281 U.S. 111, 114-115 (1930). The taxpayer has the burden of demonstrating that his accession to wealth is exempt from taxation. Commissioner v. Glenshaw Glass Co., 348 U.S. at 430.

Petitioner, a resident of California, is a taxpayer subject to Federal income tax who is obliged to file Federal income tax returns and pay Federal income tax on his income, specifically including wages. See secs. 1, 61(a), 6012(a), 7701(a)(1), (14); see also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable.").

Respondent determined that for 2009 petitioner received and failed to report gross income in the form of wages. Petitioner received wages from third-party payors. These wages were not excludable from gross income. Petitioner argues that his wages are excludable from gross income. He contends that to be includible

in gross income his wages have to come from a privileged activity.  Section 61(a) defines gross income as "all income from whatever source derived".  Section 61(a)(1) includes compensation for services.  Section 63(a) defines taxable income as gross income minus deductions.  Petitioner did not make a valid argument that his wages are excludable from gross income because of any specific provision of law. See Rodriguez v. Commissioner, T.C. Memo. 2009-92.  We do not need to discuss petitioner's frivolous and groundless argument.  See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Heisey v. Commissioner, T.C. Memo. 2002-41, aff'd, 59 Fed. Appx. 233 (9th Cir. 2003).

To reflect the foregoing,

Decision will be entered

for respondent.