T.C. Memo. 2002-165


UNITED STATES TAX COURT


HARVEY DOYNE PERRY, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12936-01L.                    Filed July 2, 2002.


Harvey Doyne Perry, Jr., pro se.

<u>Wendy S. Harris</u> and <u>Scott A. Hovey</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, filed pursuant to Rule 121.[1]
Respondent contends that there is no dispute as to any material

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

fact with respect to this levy action and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for

summary judgment.

Background

A. Petitioner's Form 1040 for 1997

On or about April 15, 1998, Harvey Doyne Perry, Jr. (petitioner), and his wife DeAnna H. Perry[2] submitted to respondent a joint Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997. On the Form 1040, petitioner listed his occupation as "R.N.".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for wages, line 22 for total income, lines 32 and 33 for adjusted gross income, and line 38 for taxable income. Petitioner made no entry on line 39 for tax, but he did enter a zero on line 53 for total tax. Petitioner then claimed a refund in the amount of $10,523.92, which was equal to the amount of Federal income tax that had been withheld from his wages.

Petitioner attached to his Form 1040 four Forms W-2, Wage and Tax Statement, disclosing the payment of wages to him during the taxable year in issue. The first Form W-2 was from AAA Home Health Care of Las Vegas, Nevada; it disclosed the payment of wages to petitioner in the amount of $59,318 and the withholding of Federal income tax in the amount of $9,275.40. The second

---

[2] DeAnna H. Perry did not file with the Court a petition for lien or levy action. See infra "F". Accordingly, she is not a party to the present proceeding.

Form W-2 was also from AAA Home Health Care of Las Vegas, Nevada; it disclosed the payment of additional wages to petitioner in the amount of $19,949.44 and the withholding of no Federal income tax. The third Form W-2 was from Desert Springs Hospital of Las Vegas, Nevada; it disclosed the payment of wages to petitioner in the amount of $17,874 and the withholding of Federal income tax in the amount of $1,248.52. The fourth Form W-2 was from United Home Care, L.C. of Las Vegas, Nevada; it disclosed the payment of wages to petitioner in the amount of $14,039 and the withholding of no Federal income tax. Together, the four Forms W-2 disclosed the payment of wages to petitioner in the amount of $111,180.44 and the withholding of Federal income tax in the amount of $10,523.92.

Petitioner also attached to his Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I, Harvey Doyne Perry Jr. am submitting this as part of my 1997 income tax return
>
> Even though I know that no section of the Internal Revenue Code:
>
> 1) establishes an income tax "liability" * * * ;
>
> 2) provides that income taxes "have to be paid on the basis of a return" * * * ;
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
>
> a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no

Code Section makes me "liable" for income taxes, this
provision notifies me that I do not have to file an
income tax return;

\* \* \* \* \* \* \*

7) It should also be noted that I had "zero"
income according to The Supreme Court's definition of
income \* \* \* .

8) Please note that my 1997 return also
constitutes a claim for refund pursuant to Code Section
6402.

9) I am also putting the IRS on notice that my
1997 tax return and claim or [sic] refund does not
constitute a "frivolous" return pursuant to Code
Section 6702. \* \* \*

\* \* \* \* \* \* \*

11) In addition, don't notify me [t]hat the IRS is
"changing" my return, since there is no statute that
allows the IRS to do that.  You might prepare a return
(pursuant to Code Section 6020(b)) where no return is
filed, but where, as in this case, a return has been
filed, no statute authorizes IRS personnel to "change"
that return.

\* \* \* \* \* \* \*

\* \* \* The word "income" is not defined in the Internal
Revenue Code. \* \* \* But, as stated above, it can only
be a derivative of corporate activity.  \* \* \*

B.  Respondent's Deficiency Notice and Petitioner's Response

On February 4, 2000, respondent (acting through the Director

of the Service Center in Ogden, Utah) issued a joint notice of

deficiency to petitioner and his wife for the taxable year 1997.

In the notice, respondent determined a deficiency in Federal

income tax in the amount of $32,564 and an accuracy-related

penalty under section 6662(a) and (b)(1) for negligence or

disregard of rules or regulations in the amount of $4,408.02.[3]
The deficiency in income tax was based on respondent's
determination that petitioner failed to report income in the
aggregate amount of $144,161, determined as follows:

| Income | Amount |
|---|---|
| Wages | $111,180 |
| Interest | 160 |
| Capital gain | 22,591 |
| Dividends | 1,626 |
| Social Security | 8,604 |
| | 144,161 |

By registered letter dated February 23, 2000, petitioner
wrote to respondent's Service Center in Ogden, Utah,
acknowledging receipt of the notice of deficiency dated February
4, 2000, but challenging respondent's authority "to send me the
Notice in the first place." Petitioner sent copies of his letter
by registered mail to the Secretary of the Treasury and the
Commissioner of Internal Revenue.

Petitioner knew that he had the right to contest
respondent's deficiency determination by filing a petition for
redetermination with this Court.[4] However, petitioner chose not

---

[3] Insofar as their ultimate tax liability was concerned,
respondent gave petitioner and his wife credit for the amounts
withheld from petitioner's wages. However, we note that the
determination of a statutory deficiency does not take such
withheld amounts into account. See sec. 6211(b)(1).

[4] In this regard, petitioner's letter dated Feb. 23, 2000,
stated as follows:

(continued...)

to do so.  Accordingly, on August 14, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest.  On that same day, respondent sent petitioner and his wife a notice of balance due, informing them that they had a liability for 1997 and requesting that they pay it.  Petitioner and his wife failed to pay the amount owing.

Respondent sent petitioner and his wife a second notice of balance due for 1997.  Again, they failed to pay the amount owing.

### C.  Respondent's Final Notice and Petitioner's Response

On February 8, 2001, respondent mailed to petitioner and his wife a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of their outstanding tax liability for 1997.

On March 11, 2001, petitioner filed with respondent Form 12153, Request for a Collection Due Process Hearing.[5]  The request, which was accompanied by a cover letter dated March 6, 2001, included, inter alia, a challenge to the existence of the

---

[4](...continued)
According to your "Deficiency Notice", listed above, there is an alleged deficiency with respect to my 1997 income tax of $32,564.00 * * *, and if I wanted to "contest this deficiency before making payment, "I must" [sic] file a petition with the United States Tax Court."

[5]  The request was not executed by petitioner's wife, nor did it purport to be filed on her behalf.

underlying tax liability for 1997, as well as allegations that petitioner was never provided with a valid notice of deficiency or notice and demand for payment and that the Appeals officer had failed "to identify the statute that makes me 'liable to pay' the taxes at issue". Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

### D. The Appeals Office Hearing

On July 26, 2001, petitioner attended an administrative hearing in Las Vegas, Nevada conducted by Appeals Officer Douglas DeSoto (the Appeals officer). Prior to the hearing, the Appeals officer obtained and reviewed Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, pertaining to petitioner's account for the taxable year 1997. At the hearing, the Appeals officer provided petitioner with a copy of that document, as well as copies of several court cases, including Pierson v. Commissioner, 115 T.C. 576 (2000).

During the hearing, petitioner requested that the Appeals officer identify the statutory provisions establishing petitioner's liability for Federal income tax and provide verification that all applicable laws and administrative procedures had been followed in the assessment and collection process. Petitioner was informed that Form 4340 was sufficient

to satisfy the verification requirement of section 6330(c)(1). The Appeals officer terminated the hearing after petitioner declined to discuss collection alternatives and instead persisted in attempting to challenge the underlying tax liability.[6]

E.  Respondent's Notice of Determination

On September 13, 2001, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liability for 1997.  In the notice, the Appeals Office concluded that respondent's determination to proceed with collection by way of levy should be sustained.

F.  Petitioner's Petition

On October 15, 2001, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[7]  The petition includes the following

---

[6]  The following colloquy between petitioner and the Appeals officer exemplifies the administrative hearing:

PETITIONER: * * * I'm going to go and tell you that I cannot find anyplace in here [the Internal Revenue Code] a law that requires me to pay income tax.

* * * * * * *

APPEALS OFFICER:  Okay.  So it's your position that there's nothing in there that says you have to pay income taxes?

PETITIONER:  Absolutely.

[7]  At the time that the petition was filed, petitioner
(continued...)

allegations: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; and (3) petitioner was denied the opportunity to challenge (a) the appropriateness of the collection action and (b) the existence or amount of his underlying tax liability.

Petitioner attached to his petition several documents, including a copy of the Form 4340 that had been furnished to him at the administrative hearing on July 26, 2001.

G.  Respondent's Motion for Summary Judgment

As stated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673.  Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this collection review proceeding because petitioner received a notice of deficiency for the tax in question. Respondent also contends that the Appeals officer's review of Form 4340 for petitioner's account for the taxable year 1997 satisfied the verification requirement of section 6330(c)(1). Finally, respondent contends that petitioner's behavior warrants

_____

[7](...continued)
resided in Henderson, Nevada.

the imposition of a penalty under section 6673.

Petitioner filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Although petitioner did not attend the hearing, he filed a written statement pursuant to Rule 50(c).

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may

raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner challenges the assessment made against him on the ground that the notice of deficiency dated February 4, 2000, is invalid. However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court. See sec. 6213(a). It follows that section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless. See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra. Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is a taxpayer subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see also sec. 61(a)(3), (4), (7); sec. 86.

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed Form 4340 for petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of

assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[8]

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the

_____

[8]  To the extent that petitioner may still be arguing that the Appeals officer failed to provide him with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  In any event, the Appeals officer provided petitioner with a copy of Form 4340 for the taxable year 1997.  Indeed, petitioner attached a copy of this form as an exhibit to his petition.

validity of the assessment or the information contained in the Form 4340. See Davis v. Commissioner, 115 T.C. at 41; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment of his tax liability for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

In particular, the Form 4340 on which the Appeals officer relied during the administrative process shows that respondent sent petitioner a notice of balance due on the same date that respondent made assessments against petitioner for the tax and accuracy-related penalty determined in the notice of deficiency. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d

137, 138 (9th Cir. 1993).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.[9] These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated September 13, 2001.

### B. Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

---

[9] In his Objection to respondent's motion, petitioner states, in part, as follows:

> respondent claims that petitioner had no "interest in discussing alternatives to respondent's proposed collection of the tax." That is a fabrication. Petitioner made a collection alternative. That was if the appeals officer would have simply identified a section in the internal revenue code that <u>required the payment of</u> the income tax <u>or establishes a liability for</u> the income tax, petitioner offered to <u>pay in full</u> the amounts allegedly owed.

The section references sought by petitioner are identified <u>supra</u> p. 13 of this opinion.

delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. at 580-581, and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra; Crow v. Commissioner, T.C. Memo. 2002-149 (imposing a penalty in the amount of $1,500); Smeton v. Commissioner, T.C. Memo. 2002-140 (imposing a penalty in the amount of $1,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Also relevant is the fact that petitioner is well aware of the provisions of section 6673 as applicable to collection review

proceedings such as the present one.  In this regard, petitioner was provided at the administrative hearing on July 26, 2001, with a copy of this Court's opinion in <u>Pierson v. Commissioner</u>, <u>supra</u>, in which the Court indicated its willingness to impose the section 6673 penalty in lien and levy cases.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,500.

In order to give effect to the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motion and decision</u>
<u>for respondent will be entered</u>.