T.C. Memo. 2002-235

UNITED STATES TAX COURT

ROBERT R. VILLWOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10245-01L.          Filed September 19, 2002.

Robert R. Villwock, pro se.

<u>Wendy S. Harris</u> and <u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion for summary judgment and to
impose a penalty under I.R.C. section 6673, filed pursuant to
Rule 121.[1]  Respondent contends that there is no dispute as to

_____

[1]  Unless otherwise indicated all section references are to
the Internal Revenue Code, as amended, and all Rule references
                                              (continued...)

any material fact with respect to this levy action and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

A. Petitioner's Form 1040A for 1997

On or about May 7, 1998, petitioner submitted to respondent a Form 1040A, U.S. Individual Income Tax Return, for the taxable year 1997. On the Form 1040A, petitioner listed his occupation as "Computer Programmer".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040A, specifically including line 7 for wages, line 11b for taxable pensions, and line 16 for adjusted gross income. Petitioner also entered zero on line 28 for total tax. Petitioner then claimed a refund of $9,618 equal to the amount of Federal income tax that had been withheld from his wages.

Petitioner attached to the Form 1040A: (1) A Form W-2, Wage and Tax Statement, disclosing that he was paid wages of $50,560.85 by Harrah's-Las Vegas, and had withholding of Federal income tax of $9,618.03, during the taxable year 1997, and (2) a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRA's, Insurance Contracts, etc., disclosing that he received a distribution of $13,000 from the

Thrift Plan for Employees of the Federal Reserve System, and had withholding of $2,600, during the taxable year 1997.

Petitioner also attached to the Form 1040A a four-page typewritten statement that stated, in part, as follows:

> I, Robert R. Villwock, am submitting this as part of my 1997 income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * * ;
>
> 2) Provides that income taxes "have to be paid on the basis of a return" * * *
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in 1040 booklet informs me that I am not required to file.  It does so in at least two places:
>
>> a) The "Privacy Act Notice" states that I need only file a return for "any tax" I may be liable for.  Since no Code Section makes me liable for income taxes, this provision notifies me that I do not have to file an income tax return.
>
> * * * * * * *
>
> 6) Please note that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.
>
> 7) It should also be noted that I had "zero" income according to the Supreme Court's definition of income  * * *
>
> 8) I am also putting the IRS on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *
>
> * * * * * * *

> 10) In addition, please do not notify me that the IRS is "changing" my return since there is no statute that allows the IRS to do this. You might prepare a return (pursuant to Code Section 6020(b)) where no return is filed, but in this case a return has been filed and no statute authorizes IRS personnel to "change" that return.

* * * * * * *

*Note #1: The word "income" is not defined in the Internal Revenue Code * * *. However, as stated above, it can only be a derivative of corporate activity.* * *

B. Respondent's Deficiency Notice and Petitioner's Response

On October 15, 1999, respondent issued a notice of deficiency to petitioner for the taxable year 1997. In the notice, respondent determined a deficiency in Federal income tax of $14,603 and an accuracy-related penalty under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations of $477. The deficiency in income tax was based on respondent's determination that petitioner failed to report wages, a taxable distribution from a retirement plan, and gambling winnings.

By letter dated December 27, 1999, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated October 15, 1999, but challenging the Director's authority "to send me the Notice in the first place."

Petitioner knew that he had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[2]  However, petitioner chose not to do so.  Accordingly, on March 6, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest.  On that same day, respondent sent petitioner a notice titled "WE CHANGED YOUR ACCOUNT", informing him that he had a liability for 1997 and requesting that he pay it.  By letter dated March 20, 2000, petitioner acknowledged receipt of this notice but failed to pay the amount owing.

On April 10, 2000, respondent sent petitioner a second notice of balance due for 1997.  Petitioner failed to pay the amount owing.

C.  Respondent's Final Notice and Petitioner's Response

On August 3, 2000, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of his outstanding tax liability for 1997.

On August 18, 2000, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing.  Petitioner requested verification from the Secretary that all applicable

---

[2]  In this regard, petitioner's letter dated Dec. 27, 1999, stated in pertinent part as follows:  "The notice also tells me that if I want to 'contest this deficiency in court before making any payment', that I must 'file a petition with the United States Tax Court'."

laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

D.   The Appeals Office Hearing

On April 11, 2001, petitioner attended an administrative hearing in Las Vegas, Nevada, conducted by Appeals Officer Lavada Harmon (the Appeals officer).  Following the hearing, the Appeals officer prepared an Appeals Office memorandum which recited that petitioner did not raise any valid issue during the hearing and that the Appeals officer informed petitioner of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000).  The Appeals office memorandum also stated that the Appeals officer concluded that all administrative and procedural requirements were followed with regard to the assessment and collection of the tax liability in question.

The record in this case includes a literal "plain English" transcript of petitioner's account for the taxable year 1997, dated February 6, 2001, as well as a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, dated September 12, 2001.  Both documents were attached to respondent's motion for summary judgment, which was served on petitioner.

E.   Respondent's Notice of Determination

On July 16, 2001, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax

liability for 1997.  In the notice, the Appeals Office concluded that respondent's determination to proceed with collection by way of levy should be sustained.

### F.  Petitioner's Petition and Motion To Dismiss

On August 16, 2001, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[3]  The petition includes the following allegations:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to provide petitioner with a copy of the tax return from which the assessments were made or a copy of Form 23C; and (3) the Appeals officer failed to demonstrate that petitioner received a valid notice of deficiency or notice and demand for payment.

Concurrently with the filing of his petition, petitioner filed a motion to dismiss for lack of jurisdiction in which he asked the Court to "declare as invalid the determination at issue, since the appeals officer issued the determination without providing, at the hearing, numerous documents and supporting evidence".  Petitioner attached to his motion a Memorandum

---

[3]  At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

of Law in which he repeated many of the allegations in the petition.

Petitioner's motion to dismiss was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared and was heard. There was no appearance by or on behalf of petitioner. By order dated November 21, 2001, the Court denied petitioner's motion.

### G. Respondent's Motion for Summary Judgment

As stated, respondent filed a motion for summary judgment and to impose a penalty under I.R.C. section 6673. Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this proceeding because petitioner received a notice of deficiency for the tax in question. Respondent also contends that the Appeals officer's review of transcripts from respondent's computer systems, including the literal transcript dated February 6, 2001, and the Form 4340, dated September 12, 2001, satisfied the verification requirement of section 6330(c)(1). Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

By notice of filing dated April 4, 2002, the Court notified petitioner of the filing of respondent's motion for summary judgment and directed petitioner to file an objection, if any, to respondent's motion on or before April 25, 2002. The Court did

not receive an objection, or any other response, from petitioner. Pursuant to a further order, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared and was heard. There was no appearance by or on behalf of petitioner, nor did petitioner file with the Court a written statement pursuant to Rule 50(c).

<u>Discussion</u>

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner challenges the assessment made against him on the ground that the notice of deficiency dated October 15, 1999, is invalid. However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court. See sec. 6213(a). It follows that section 6330(c)(2)(B) generally bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioner is a taxpayer subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed transcripts of account with regard to petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the transcripts of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[4]

---

[4]  To the extent that petitioner may still be arguing that the Appeals officer failed to provide him with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  In any event, the record shows that petitioner received both a literal transcript and a Form 4340 for the taxable year 1997.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the transcript. See Davis v. Commissioner, 115 T.C. at 41; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment of his tax liability for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The transcript of account which the Appeals officer relied upon in issuing the notice of determination shows that respondent sent petitioner a notice that he owed taxes for 1997 on the same date that respondent made assessments against petitioner for the tax and accuracy-related penalty determined in the notice of deficiency. Such a notice constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes

v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).  Petitioner acknowledged receipt of this notice in his letter to respondent dated March 20, 2000.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated July 16, 2001.

### B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such a penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. at 580-581, and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra (imposing a penalty of $10,000); Smeton v. Commissioner, T.C.

Memo. 2002-140 (imposing a penalty of $1,000); <u>Newman v. Commissioner</u>, T.C. Memo. 2002-135 (imposing a penalty of $1,000); <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99 (imposing a penalty of $1,000); <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213 (imposing a penalty of $1,500); <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87 (imposing a penalty of $4,000).

We are convinced that petitioner instituted the present proceeding primarily for delay. We note that, during the administrative process, the Appeals officer informed petitioner of the Court's opinion in <u>Pierson v. Commissioner</u>, <u>supra</u>. Petitioner nevertheless continued to press his meritless arguments. Under the circumstances, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in

that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) of $1,000.

In order to give effect to the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.