T.C. Memo. 2002-241

UNITED STATES TAX COURT

JOHN THURMAN HOREJS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9681-01L.                    Filed September 25, 2002.

John Thurman Horejs, pro se.

Anne W. Durning and Sheara L. Gelman, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before
the Court on respondent's Motion For Summary Judgment And To
Impose A Penalty Under I.R.C. Section 6673, filed pursuant to
Rule 121.[1]  Respondent contends that there is no dispute as to

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

any material fact with respect to this lien action, and that respondent's notice of determination should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

    A.  Respondent's Notice of Deficiency

Petitioner failed to file Federal income tax returns for the taxable years 1995 and 1996. On February 19, 1998, respondent prepared substitutes for return with respect to petitioner's taxable years 1995 and 1996. See sec. 6020(b).

On October 7, 1999, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined deficiencies in and additions to petitioner's Federal income taxes for 1995 and 1996 as follows:

|      |            | Additions to Tax-Secs. | | |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 1995 | $31,046 | $7,762 | -- | $1,683 |
| 1996 | 28,973 | 6,519 | $4,346 | 1,542 |

Respondent determined that petitioner had attempted to assign all or part of his income during 1995 and 1996 to several sham trusts. Respondent allocated the unreported income to petitioner and determined that such income was subject to self-employment tax.

    B.  Petitioner's Imperfect Petition

On or about December 3, 1999, petitioner and his wife, Elaine Horejs, wrote a letter to the Court requesting a form for filing a petition for redetermination. The Court filed petitioner's letter as an imperfect petition, assigned docket No. 18537-99, and directed petitioner to file an amended petition.

On December 21, 1999, petitioner and his wife wrote a second letter to the Court stating that they did not intend to file a petition for redetermination with the Court. On December 29, 1999, the Court entered an Order of Dismissal for Lack of Jurisdiction in docket No. 18537-99.

On June 5, 2000, respondent assessed the deficiencies and additions to tax for 1995 and 1996 determined in the notice of deficiency dated October 7, 1999, as well as statutory interest. On June 5, 2000, respondent sent petitioner notices of balance due, informing petitioner that he had tax liabilities for 1995 and 1996 and requesting that he pay them. Petitioner failed to do so.

On July 10, 2000, respondent entered an additional assessment against petitioner in the amount of $869.19 for the taxable year 1996 reflecting an addition to tax under section 6651(a)(2) for failure to pay tax shown on a return. On that same date, respondent sent petitioner a notice of balance due, informing petitioner that he had a tax liability for 1996 and requesting that he pay it. Petitioner failed to do so.

C. <u>Respondent's Final Notice and Petitioner's Response</u>

On August 18, 2000, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 in respect of petitioner's outstanding liabilities for 1995 and 1996. On September 8, 2000, petitioner submitted to

respondent a Form 12153, Request for a Collection Due Process Hearing, challenging respondent's Notice of Federal Tax Lien Filing. Petitioner's request stated that he is not a taxpayer and that the payment of Federal income taxes constitutes a gift to the United States.

D. The Appeals Office Hearing

On March 23, 2001, Appeals Officer Angela M. Carmouche (the Appeals officer) conducted an Appeals Office hearing that petitioner attended. During the hearing, the Appeals officer provided petitioner with transcripts of account (MFTRAX) with regard to his taxable years 1995 and 1996. By letter dated April 23, 2001, the Appeals Office forwarded to petitioner Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to his taxable years 1995 and 1996. A copy of the Forms 4340, dated March 27, 2001, are attached to respondent's Motion for Summary Judgment, which was served on petitioner. The Appeals Office also provided petitioner with a copy of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000).

E. Respondent's Notice of Determination

On July 2, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice stated that the Appeals Office had

determined that it "should not restrict the appropriate collection action."

F.  Petitioner's Petition

On August 2, 2001, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[2]  On October 12, 2001, petitioner filed an amended petition which includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); and (2) petitioner never received a notice and demand for payment of the disputed taxes.

G.  Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioner received the notice of deficiency dated October 7, 1999, he cannot challenge the existence or amount of his underlying tax liabilities for 1995 and 1996 in this proceeding.  Respondent further contends that the Appeals officer's review of transcripts of account, including

---

[2]  At the time that the petition was filed, petitioner resided in Burley, Idaho.

Forms 4340, with regard to petitioner's account for 1995 and 1996 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued notices and demands for payment on the same dates that respondent entered the assessments in question. Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

Petitioner filed an objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5

business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). See, e.g., Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioner challenges the assessments made against him on the ground that the notice of deficiency dated October 7, 1999, is invalid.  However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a).  It follows that section 6330(c)(2)(B) generally bars petitioner from challenging the existence or amount of his underlying tax liabilities in this collection review proceeding.[3]

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that

---

[3]  As previously discussed, on July 10, 2000, respondent entered a further assessment against petitioner in the amount of $869.19 reflecting the continuing accumulation of the addition to tax under sec. 6651(a)(2) for 1996.  Although it is arguable whether sec. 6330(c)(2)(B) barred petitioner from challenging this particular assessment, petitioner did not specifically dispute the item.  Moreover, petitioner did not point to any discrepancy in the record or set forth specific facts that would suggest that there is a genuine issue for trial whether this item was properly assessed.  See Rule 121(d).

these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is a taxpayer subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, see sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed transcripts of account, including Forms 4340, with regard to petitioner's taxable years 1995 and 1996.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v.

<u>Commissioner</u>, T.C. Memo. 2002-87; <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86; <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.  In this regard, we observe that the Forms 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See <u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, <u>supra</u>; <u>Tolotti v. Commissioner</u>, <u>supra</u>; <u>Duffield v. Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment for 1995 or 1996.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a).  General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The Forms 4340 that the Appeals officer relied on during the administrative process show that respondent sent petitioner notices of balance due on the same dates that respondent made assessments for the taxes and additions to tax in question. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated July 2, 2001.

B. Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is

frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. at 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra (imposing a penalty in the amount of $10,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

The Appeals Office provided petitioner with a copy of the Court's opinion in the Pierson case during the administrative process. Under the circumstances, we are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regarded this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Accordingly, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall

impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

In order to give effect to the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.