T.C. Memo. 2002-267


UNITED STATES TAX COURT


CHARLES G. AND DAPHNE C. M. HALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2906-02L.          Filed October 21, 2002.


Charles G. and Daphne C. M. Hall, pro sese.

<u>Alan J. Tomsic</u> and <u>Karen Lynne Baker</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion for summary judgment, filed
pursuant to Rule 121.[1]  Respondent contends that there is no
dispute as to any material fact with respect to this lien action,

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

and that respondent's notice of determination dated January 3, 2002, should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.  We shall grant respondent's motion for summary judgment.

Background

    A.  <u>Petitioners' Form 1040 for 1998</u>

On or about August 19, 1999, petitioners submitted to respondent a joint Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998. On the Form 1040, petitioners listed their filing status as "Married filing joint return".

Petitioners entered zeros on applicable lines of the income portion of their Form 1040, specifically including line 7 for wages, line 22 for total income, and lines 33 and 34 for adjusted gross income. Petitioners also entered a zero on line 56 for total tax. Petitioners claimed an overpayment of $2,333 related to Federal income tax withholding. Petitioners attached to their Form 1040 four Forms W-2, Wage and Tax Statement, issued to petitioners by various employers.

    B.  <u>Respondent's Deficiency Notice and Petitioners' Response</u>

On May 26, 2000, respondent issued to petitioners a joint notice of deficiency. In the notice, respondent determined a deficiency of $4,736 in petitioners' Federal income tax for 1998 and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations of $480.53. The deficiency was based principally on respondent's determination that petitioners failed to report the wage income as reported to respondent by third-party payors on Forms W-2.

By letter dated June 26, 2000, petitioners wrote to respondent's District Director in Las Vegas, Nevada, acknowledging receipt of the notice of deficiency dated May 26, 2000, and requesting that the notice be withdrawn or that petitioners be granted an Appeals Office hearing. Petitioners did not file a petition with the Court challenging the notice of deficiency. Accordingly, on October 9, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioners a notice of balance due, informing petitioners that they had a liability for 1998 and requesting that they pay it. Petitioners failed to do so.

C. Respondent's Final Notice and Petitioners' Response

On February 26, 2001, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice). The lien notice was issued in respect of petitioners' outstanding tax liability for 1998.

On March 13, 2001, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners' request stated that they were challenging the validity of the assessments for 1998 on the grounds there is no statute imposing tax liability upon them and they were not served with a valid notice and demand for payment.

D. <u>The Appeals Office Hearing</u>

On November 16, 2001, Appeals Officer Julie Peterson conducted an Appeals Office hearing that petitioners attended. During the hearing, the Appeals officer provided petitioners with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, regarding their account for the taxable year 1998.  According to a purported transcript of the hearing prepared by petitioners, petitioners declined to discuss collection alternatives.  Rather, petitioners stated that they wished to challenge their underlying tax liability.

E. <u>Respondent's Notice of Determination</u>

On January 3, 2002, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that the lien filing was appropriate.

F. <u>Petitioners' Petition</u>

On February 5, 2002, petitioners filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[2]  The petition includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or

_____

[2]  At the time that the petition was filed, petitioners resided in Las Vegas, Nevada.  The envelope bearing the petition contains a timely U.S. Postal Service postmark dated Jan. 31, 2002.  See secs. 6330(d)(1), 7502.

administrative procedure were met as required under section 6330(c)(1); (2) petitioners never received a notice and demand for payment or valid notice of deficiency; and (3) petitioners were denied the opportunity to raise "relevant issues".

G. Respondent's Motion for Summary Judgment

As indicated, respondent filed a motion for summary judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that because petitioners received the notice of deficiency dated May 26, 2000, they cannot challenge the existence or amount of their underlying tax liability for 1998 in this proceeding. Respondent further contends that the Appeals officer's review of Form 4340 with regard to petitioners' liability for 1998 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioners were issued a notice and demand for payment.

Pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. Although petitioners did not appear at the hearing, they filed with the Court a written statement pursuant to Rule 50(c).

Discussion

A. Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c)

provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

B.  Summary Judgment

Petitioners challenge the assessments made against them on the ground that the notice of deficiency dated May 26, 2000, is invalid.  However, the record shows that petitioners received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a).  It follows that section 6330(c)(2)(B) generally bars petitioners from challenging the existence or amount of their underlying tax liability in this collection review proceeding.

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' arguments have no merit.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002);

<u>Goza v. Commissioner</u>, <u>supra</u>.  As the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioners are taxpayers subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed a Form 4340 with regard to petitioners' taxable year 1998.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that a Form 4340 such as the one relied upon by the Appeals officer in this case contains all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Form 4340. See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). See, e.g., Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice and demand for payment for 1998. The requirement that the

Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

>    SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.
> * * *

The Form 4340 that the Appeals officer relied on during the administrative process shows that respondent sent petitioners a notice of balance due on the same date that respondent made assessments against petitioners for the tax and accuracy-related penalty determined in the notice of deficiency.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  Under the circumstances, we conclude that respondent is entitled to

judgment as a matter of law sustaining the notice of determination dated January 3, 2002.

In order to give effect to the foregoing,

An appropriate order granting respondent's motion and decision for respondent will be entered.