T.C. Memo. 2018-130

UNITED STATES TAX COURT

AMAS CANZONI, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 279-15.                    Filed August 15, 2018.

Amas Canzoni, pro se.

<u>Amy Chang</u>, for respondent.

_____

[*]This case was tried on May 23, 2016. On August 25, 2016, this Court filed T.C. Memo. 2016-165. A decision was entered on October 7, 2016. On October 25, 2016, respondent notified the Court that petitioner had filed a petition with the U.S. Bankruptcy Court for the Western District of Washington on June 23, 2016. Pursuant to 11 U.S.C. sec. 362(a)(8) (2012), on October 28, 2016, we vacated the decision, withdrew our opinion, and stayed the proceedings in this Court. On May 29, 2018, respondent informed the court that the U.S. Bankruptcy Court had dismissed petitioner's case, thereby terminating the automatic stay. <u>See</u> <u>id.</u> subsec. (c)(2). Accordingly, on June 5, 2018, we lifted the stay and issued petitioner an order to show cause why our opinion should not be released. Petitioner responded to that order. The order to show cause has been made absolute. This opinion replaces T.C. Memo. 2016-165 unchanged.

[*2]      MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  Respondent determined a deficiency of $3,501 and additions to tax of $788 and $490 under section 6651(a)(1) and (2) with respect to petitioner's Federal income tax for tax year 2011.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

The issues for consideration are:  (1) whether petitioner received unreported income as respondent determined, and (2) whether petitioner is liable for additions to tax under section 6651(a)(1) and (2).

FINDINGS OF FACT

Some of the facts were deemed stipulated under Rule 91(f) and are so found.  The stipulated facts and the attached exhibits are incorporated in our findings by this reference.  Petitioner resided in Washington when he timely filed his petition.  Petitioner's wife passed away in 2012.

During 2011 petitioner worked for the Korean Women's Association and Community Resources, Inc., and received wages of $15,409 and $18,259, respectively.  Respondent received a Form W-2, Wage and Tax Statement, from

**[*3]** the Korean Women's Association showing it paid wages of $15,409 to petitioner. Respondent received a document signed by Community Resources, Inc.'s payroll specialist verifying that Community Resources, Inc. paid petitioner wages of $18,259. The document also verified "that the wage paid to Mr. Canzoni as recorded on the W-2 is correct". Respondent did not provide the Form W-2 from Community Resources, Inc., to the Court. Petitioner did not have any Federal income tax withheld from his wages for 2011.

During 2011 petitioner also gambled at the Red Wind Casino and received $2,025. Respondent received a Form W-2G, Certain Gambling Winnings, from the Red Wind Casino showing $2,025 of gross gambling winnings. Petitioner did not have any Federal income tax withheld from his winnings.

On or about April 15, 2014, petitioner mailed respondent a signed document dated April 15, 2014, which purported to be a 2011 Form 1040X, Amended U.S. Individual Income Tax Return, and a transmittal letter stating why petitioner is not required to file a Federal income tax return. The return was filled out with zeroes and the terms "unknown" and "n/a". On or about May 29, 2014, respondent mailed petitioner a letter stating that the positions taken in his April 15, 2014, correspondence were frivolous. Respondent gave examples of frivolous positions, including: (1) arguing that filing returns and paying tax is voluntary,

**[\*4]** (2) arguing that the value of services is not taxable or that salaries and/or wages are not income, and (3) arguing that the requirement to file a tax return violates constitutional rights protecting taxpayers against self-incrimination. On or about June 30, 2014, petitioner mailed respondent a signed document dated June 20, 2014, which purported to be a 2011 Form 1040X, a transmittal letter dated June 28, 2014, and additional enclosures. The return was filled out with zeroes and the terms "unknown" and "n/a".

On July 28, 2014, respondent sent petitioner a letter indicating that respondent had prepared a substitute for return for petitioner pursuant to section 6020(b) with respect to petitioner's 2011 tax year. Respondent's letter included a Form 4549, Income Tax Examination Changes, a Form 886-A, Explanation of Items, and a Form 13496, IRC Section 6020(b) Certification. On the substitute for return respondent gave petitioner's filing status as married filing separately, included petitioner's income from the Korean Women's Association and Community Resources, Inc., included petitioner's gambling winnings from the Red Wind Casino, allowed petitioner a standard deduction of $5,800, and allowed petitioner a personal exemption of $3,700. On September 29, 2014, respondent mailed petitioner a notice of deficiency.

**[\*5]**   On or about December 15, 2014, petitioner mailed respondent a letter dated December 15, 2014, in response to the notice of deficiency and other correspondence.  Petitioner's letter stated that he disagreed with respondent's assessment and presented several arguments, such as that he did not voluntarily file his return and that he was not subject to income tax.  Petitioner enclosed:  (1) a signed document dated December 17, 2014, which purported to be a 2011 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, (2) a signed Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., dated December 17, 2014, and (3) additional enclosures.  Petitioner also enclosed a Red Wind Casino document dated April 13, 2012, entitled "Win/Loss Request Form".  The document is filled out by hand and shows $5,750 of losses.  On the Form 1040EZ petitioner reported no income but claimed a total personal exemption of $19,000 for himself and his wife.  He also reported that during 2011 he had had $1,902 of Federal income tax withheld.

On December 29, 2014, petitioner timely filed a petition for redetermination.  The Internal Revenue Service Appeals Office mailed petitioner letters on or about March 10 and March 12, 2015.  On April 14, 2015, petitioner

**[*6]** mailed respondent:  (1) a letter dated April 14, 2015, (2) two signed documents dated April 14, 2015, which purported to be a signed 2011 Form 1040X and a signed Form 4852, and (3) additional enclosures.  In his letter petitioner argued that the gambling winnings from the Red Wind Casino should not be included in his income because he had losses and because they came from an Indian reservation which is not part of the United States.  He also argued that respondent's positions were not supported by any laws, statutes, or regulations and requested that he be allowed to amend his petition so that he could "formulate and support his arguments based on tax laws".  On the Form 1040X petitioner made adjustments that brought his taxable income to zero, claimed a total personal exemption for himself and his wife of $19,000, and indicated that during 2011 he had $1,902 of Federal income tax withheld.  One of petitioner's enclosures was a document from the Red Wind Casino showing that he had net losses of $5,750 for 2011.  On June 3, 2015, petitioner mailed respondent a letter dated June 3, 2015, with an enclosure.  The letter stated that petitioner had enclosed a copy of a signed "Second Affidavit of Revocation and Rescission, as an incentive for you to find legal and lawful resolution to this matter."  The enclosure included the referenced Second Affidavit of Revocation and Rescission.  In the affidavit petitioner stated many things supporting his argument that he was not required to pay income tax.

**[*7]** Respondent did not process, as a tax return, any documents petitioner sent, including any purported 2011 Forms 1040X or 1040EZ. Petitioner made no estimated tax payments for 2011.

OPINION

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), or demonstrate that the taxpayer received unreported income. Once the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Klootwyk v. Commissioner, T.C. Memo. 2006-130, slip op. at 4-5.

Respondent met his burden of production as to the unreported income determined in the notice of deficiency. Respondent produced a Form W-2 from the Korean Women's Association and a document from Community Resources,

[*8] Inc., verifying that petitioner had received wages, and a Form W-2G from Red Wind Casino, verifying that petitioner had received gambling winnings. Petitioner did not dispute that he had received the wages and gambling winnings at issue in this case. We hold that respondent has sufficiently linked petitioner with the unreported income. Petitioner has the burden to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

I.    Unreported Income

A.    Wages

Section 61 provides: "[G]ross income means all income from whatever source derived". Section 61(a)(1) includes as income "[c]ompensation for services, including fees, commissions, fringe benefits, and similar items". The Supreme Court has consistently held that "gross income" was meant to bear "the full measure of the taxing power." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). The liability for the payment of the income tax is on the individual earning the income. Lucas v. Earl, 281 U.S. 111, 114-115 (1930). The taxpayer has the burden of demonstrating that his accession to wealth is exempt from taxation. Commissioner v. Glenshaw Glass Co., 348 U.S. at 430.

**[\*9]** Petitioner contends that he signed tax documents only so that he could work and that therefore his participation in any income-producing activity was not voluntary. Petitioner did not make a valid argument that his wages are excludable from gross income because of any specific provision of law. See Rodriguez v. Commissioner, T.C. Memo. 2009-92. We do not need to discuss petitioner's frivolous and groundless arguments. See Heisey v. Commissioner, T.C. Memo. 2002-41, slip op. at 41, aff'd, 59 F. App'x 233 (9th Cir. 2003).

Petitioner also argues that his wages are excludable from gross income because he was a resident of the State of Washington, which he claims is not in "Federal territory". Petitioner, a resident of Washington, is a taxpayer subject to Federal income tax who is obliged to file Federal income tax returns and pay Federal income tax on his income, specifically including wages. See secs. 1, 61(a), 6012(a), 7701(a)(1), (14); see also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable.").

B.    Gambling Winnings

Gambling winnings are includable in gross income. Lyszkowski v. Commissioner, T.C. Memo. 1995-235, aff'd without published opinion, 79 F.3d

[*10] 1138 (3d Cir. 1996).  In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gains from such transactions.  See sec. 165(d).  To establish entitlement to a deduction for gambling losses the taxpayer must prove that he sustained losses during the taxable year.  Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), aff'g T.C. Memo. 1969-26.

Petitioner testified that he had gambling losses.  In one of his mailings to respondent, he included a Red Wind Casino document dated April 13, 2012, entitled "Win/Loss Request Form".  The document is filled out by hand and shows $5,750 of losses.  In another mailing petitioner also included a statement from Red Wind Casino showing $5,750 of net losses for 2011.  Petitioner did not maintain a diary or any other contemporaneous record reflecting either his winnings or his losses from gambling during the 2011 taxable year.

Regardless of whether petitioner has substantiated $5,750 of gambling losses for 2011, he would be able to deduct the losses only to the extent of his winnings, as an itemized deduction.  Respondent has shown that petitioner had only $2,025 of gambling winnings for 2011, and petitioner does not allege that he had more.  Without further evidence, petitioner's deduction for gambling losses would be limited to $2,025.  This amount is less than the standard deduction of

**[\*11]** $5,800 that respondent allowed. Therefore, we need not consider any deduction for gambling losses.

II.      Late Filing and Late Payment Additions to Tax

Section 6651(a)(1) imposes an addition to tax if an individual taxpayer fails to file his Form 1040, U.S. Individual Income Tax Return, by the required due date. Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Regardless of whether any of petitioner's mailed Forms 1040X and 1040EZ constituted valid returns, they were all mailed more than four months after the filing due date for the 2011 tax year, and therefore the maximum addition to tax of 25% is appropriate. See sec. 6651(a)(1). Respondent has met his burden of production.

Section 6651(a)(2) imposes an addition to tax if a taxpayer fails to pay his Form 1040 tax by the required due date. The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary. Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004). Petitioner mailed respondent two Forms 1040X showing zero tax due before respondent prepared any substitutes for returns.

[*12] Petitioner's two Forms 1040X were not valid returns. See, e.g., Porter v. Commissioner, T.C. Memo. 2015-122, at *67 ("For purposes of section 6651(a)(2), a zero or frivolous return is not a valid return."). When a taxpayer has not filed a valid return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return that satisfies the requirements of section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Respondent has established that the Secretary prepared a substitute for return for 2011 that satisfies the requirements of section 6020(b) by providing Forms 4549, 886-A, and 13496 for tax year 2011. See Cabirac v. Commissioner, 120 T.C. at 170-172. Respondent has shown that petitioner failed to pay his Federal income tax obligations for 2011. Respondent has met his burden of production.

The additions to tax under section 6651(a)(1) and (2) apply once respondent has met his burden of production unless the failure to comply was due to reasonable cause and not due to willful neglect. The taxpayer bears the burden of establishing reasonable cause. Higbee v. Commissioner, 116 T.C. at 446-447. Petitioner's frivolous arguments do not establish reasonable cause. See McGowan v. Commissioner, T.C. Memo. 2006-154, slip op. at 5.

**[*13]** Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.